UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SAAD,                                    Case No. 07-15506

            Plaintiff,                     Lawrence P. Zatkoff
                                           United States District Judge
v.

                                           Michael Hluchaniuk
COMMISSIONER OF                                  United States Magistrate Judge
SOCIAL SECURITY,

            Defendant.
_____/

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 26)

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On December 28, 2007, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to <u>28 U.S.C. § 636(b)(1)(B)</u> and <u>Local Rule 72.1(b)(3)</u>, District Judge Lawrence P. Zatkoff referred this matter to Magistrate Judge R. Steven Whalen for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits and Supplemental Security Income

1

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

Benefits.  (Dkt. 3).  This matter was reassigned to the undersigned on January 15,

2008.  (Dkt. 7).  This matter is currently before the Court on defendant's motion

for summary judgment.  (Dkt. 26).

      B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on March 3, 2003, alleging that he became

unable to work on October 1, 2002.  (Tr. at 53-55).  The claim was initially

disapproved by the Commissioner on January 26, 2006.  (Tr. at 22-23).  Plaintiff

requested a hearing and on October 7, 2005, plaintiff appeared with counsel before

Administrative Law Judge (ALJ) David Flierl, who considered the case *de novo*.

In a decision by the Appeals Council dated January 26, 2006, the ALJ found that

plaintiff was not disabled.  (Tr. at 22-23).  Plaintiff requested a review of this

decision on February 6, 2006.  (Tr. at 19).  The ALJ's decision became the final

decision of the Commissioner when, after the review of an additional exhibit[1] (AC-

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

2

1, Tr. at 221-223), the Appeals Council, on February 22, 2007, denied plaintiff's

request for review.  (Tr. at 12-15); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541,

543-44 (6th Cir. 2004).

In light of the entire record in this case, the undersigned suggests that

substantial evidence supports the Commissioner's determination that plaintiff is

not disabled.  Accordingly, it is **RECOMMENDED** that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.    STATEMENT OF FACTS

### A.    ALJ Findings

Plaintiff was forty-eight years of age at the time of the most recent

administrative hearing.  (Tr. at 227).  Plaintiff's relevant work history included

approximately 12 years as a stock broker.  (Tr. at 121).  In denying plaintiff's

claims, defendant Commissioner considered a seizure disorder, memory loss, and

vision and speech impairments as possible bases of disability.  (Tr. at 25).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

his alleged onset date.  (Tr. at 26).  At step two, the ALJ found that plaintiff's

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

seizure disorder was "severe" within the meaning of the Regulations, but that it was not "severe" enough, either singly or in combination, to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.  (Tr. at 26).[2]  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id.*  At step four, the ALJ found that plaintiff could not perform his/her previous work as a stockbroker.  *Id.*  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Tr. at 31).

---

[2]  According to the listing of impairments, convulsive epilepsy must occur with a certain frequency in order to meet the severity requirements:

> 11.02 Epilepsy--convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment.

With respect to non-convulsive epilepsy must meet the following criteria in 11.03 of the listing of impairments:

> 11.03 Epilepsy--nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

4

In reaching his conclusions regarding plaintiff's RFC, the ALJ relied on the state agency medical consultant, who considered his activities of daily living and social functioning to be mildly limited and his ability to maintain concentration to be moderately limited due to his cognitive disorder, not otherwise specified.  (Tr. at 27).  The state agency consulted concluded that plaintiff was mentally able to do simple unskilled work and physically capable of work at any level of exertion that did not involve any hazards or more than occasional climbing.  (Tr. at 27).  The ALJ also pointed to Dr. Barkely's opinion that the claimant appears physically able to perform sedentary and light work, but his complaints of cognitive problems would interfere with his ability concentrate.  (Tr. at 27).  The July 2003 neuropsychological evaluation concluded that plaintiff was capable of participating in all activities of daily living, the test results were not influenced by depression or anxiety, and there were no cognitive or emotional reasons why the claimant could not perform his job duties.  (Tr. at 28).  The December 2004 neurophysiological examination suggested that plaintiff's memorial complaints were likely side effects from his anti-seizure medication, and further testing was recommended.  (Tr. at 28).  In February 2005, plaintiff's physician reported that he was restricted to performing work from his home due to his uncontrollable seizures.  He also noted

5

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

that plaintiff's cognitive dysfunction might present another obstacle for learning a new job and performing the needed tasks, and that plaintiff had a lack of ability to focus for more than short periods.  (Tr. at 28).  At the February 2005 examination, plaintiff reported that he would be willing to work at a job which is less taxing, but his inability to drive would make it difficult for him to find work to which he could commute.  (Tr. at 28).

At the October 2005 hearing, plaintiff submitted a physician's statement from Dr. Aboukasm, who reported that plaintiff experiences side effects of sedation and cognitive dysfunction, headache pain and fatigue and that he is precluded from performing sustained light or sedentary work.  (Tr. at 28).  The ALJ concluded that Dr. Aboukasm's opinion appeared to be based on plaintiff's subjective complaints, given the negative test results in the records.  (Tr. at 28).

C.    Plaintiff's Arguments

While plaintiff did not file a motion for summary judgment in this case or respond to the Commissioner's motion, plaintiff's arguments to the Appeals Council are as follows.  First, plaintiff argues that the ALJ improperly gave greater weight to Dr. Hanks and the state agency evaluator, neither of whom is a treating physician.  (Tr. at 221).  Plaintiff also argued that the ALJ failed to consider the

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

entirety of Dr. Barkely's and Dr. Hanks' reports, in particular, Dr. Barkely's

opinion that plaintiff may have a somatoform disorder.[3]  (Tr. at 221-222).  Plaintiff

---

[3]  The evidence in the record plainly does not establish that plaintiff could satisfy the listing of impairments for somatoform disorders nor has plaintiff ever suggested that there is such evidence.  Listing 12.07 governs somatoform disorders, which are "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." The required level of severity for these disorders is met when the requirements in ***both A and B*** below are satisfied.  Plaintiff has not argued that his seizure disorder satisfies Listing 12.07 and a review of medical evidence in this case suggests that he could not, particularly given that no physician has opined that plaintiff is markedly limited in any of the areas identified in section B below.

A.   Medically documented by evidence of ***one*** of the following:

   1.   A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often and alter life patterns significantly; or
   2.   Persistent nonorganic disturbance of one of the following: (a) Vision; or (b) Speech; or (c) Hearing; or (d). Use of a limb; or (e) Movement and its control (e.g., coordination disturbance, psychogenic seizures, akinesia, dyskinesia; or (f) Sensation (e.g., diminished or heightened).
   3.   Unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious disease or injury;

**<u>And</u>**

B.   Resulting in ***at least two*** of the following: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

7

further argued that the ALJ failed to consider Dr. Barkely's "rebuttal" to Dr.

Hanks' opinions.  (Tr. at 222).  Further:

> [Dr. Barkely] notes reports of headaches and other
> limiting symptoms. Significantly, neither Dr. Barkely nor
> Dr. Hanks express any doubt as to the reliability of Mr.
> Saad's symptoms reports, the reality of these symptoms
> to Mr. Saad, or any other comments of suspected
> malingering or manufacturing symptoms.  To qualify for
> disability benefits, a claimant must show that he has a
> medically ascertainable condition that reasonably could
> be expected to cause his symptoms.  However, he is not
> required to prove the exact cause of his symptoms.

(Tr. at 222).  Plaintiff also took issue with the ALJ's finding of "no exertional

limitations," arguing that his headache complaints and other effects of his seizures

were not considered by the ALJ.  (Tr. at 222-223; *see also* Tr. at 125-127).

>   B.   <u>Commissioner's Motion for Summary Judgment</u>

Relying on testimony from a vocational expert, the ALJ found that Plaintiff

could perform 35,000 jobs in the local region with his RFC limitations and,

therefore, was not disabled (Tr. 31-33).  The Commissioner argues that the ALJ's

RFC finding is supported by the opinion of Dr. Barkely, plaintiff's treating

neurologist, who reported that plaintiff was not able to drive or operate dangerous

machinery due to his condition.  (Dkt. 26, citing, Tr. at 161-63).  The ALJ

incorporating this limitation by concluding that plaintiff must avoid hazards

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

including dangerous moving machinery and bodies of water.  (Dkt. 26, citing, Tr. at 32).  The Commissioner also argues that the ALJ reasonably rejected Dr. Aboukasm's opinion that plaintiff could not perform sedentary or light work, noting that Dr. Aboukasm's testing had been normal, his opinion appeared based only on plaintiff's subjective complaints, and his opinion conflicts with Dr. Barkely's opinion that plaintiff was able to perform sedentary and light work. (Dkt. 26, citing, Tr. at 191).

The Commissioner argues that the ALJ's mental RFC finding is supported by the opinion of Dr. Barkely and of the reviewing psychologist, Dr. Tripp.  Dr. Tripp opined that, due to moderate concentration difficulties, plaintiff was limited to work that did not require understanding, remembering, or carrying out detailed instructions and that plaintiff would be able to perform simple, unskilled work. (Dkt. 26, citing, Tr. at 180-82, 186).  An examining psychologist, Dr. Hanks, found that plaintiff's attention, language, and memory were all within normal limits, and also concluded that plaintiff had no cognitive or emotional impediments to perform his past job as a stock broker.  (Dkt. 26, citing, Tr. at 201).  The Commissioner argues that the substantial evidence in the record supports the ALJ's finding that

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

plaintiff was limited to simple repetitive tasks due to his moderate difficulties with concentration.  (Dkt. 26, citing, Tr. at 32).

According to the Commissioner, the ALJ further reasonably found that plaintiff's allegations of disabling symptoms were not entirely credible.  (Dkt. 26, citing, Tr. at 28-30).  For example, the ALJ noted that plaintiff's driver license remained effective and he would drive to go shopping, despite his doctor's advice to the contrary.  (Dkt. 26, citing, Tr. at 116, 228).  And, plaintiff admitted he had not had a grand mal seizure since 2002.  (Dkt. 26, citing, Tr. 250, 254).  Further, despite plaintiff's claims of severe pain and cognitive difficulties, including difficulty focusing and concentrating, he was able to write a financial textbook and a novel, during a time when he claimed to be disabled.  (Dkt. 26, citing, Tr. 29, 143). The ALJ also noted plaintiff continued to independently handle his finances and work on his house.  (Dkt. 26, citing, Tr. at  29).  Finally, the ALJ noted that plaintiff had not had any treatment for his pain complaints.  (Dkt. 26, citing, Tr. at 29-30).  Thus, according to the Commissioner, the ALJ's credibility findings were reasonable and based on the substantial evidence in the record.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

## III.   DISCUSSION

A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court.  *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole,

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

        1.    Burden of proof

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

"significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

16

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

> 2.    Substantial evidence

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court had decided the matter differently and

even where substantial evidence supports the opposite conclusion.  *McClanahan*,

474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial

evidence supports the ALJ's decision, it must be upheld.

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole.  20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996).  The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record."  *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2).  A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition."  20 C.F.R. § 404.1502.  "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

treating sources independent of their substantive right to receive disability benefits."  *Smith v. Comm'r of Social Security*, 482 F.3d 873, 875 (6th Cir. 2007). "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).  The findings of a psychologist are relevant in establishing the existence and severity of a mental impairment, and a psychologist's evaluation of the disabling nature of a mental impairment need not be given less weight than that of a psychiatrist.  *Crum v. Sullivan*, 921 F.2d 642 (6th Cir. 1990).

    C.    <u>Analysis and Conclusions</u>

      After review of the record, the undersigned concludes that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to plaintiff's claim.  As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.  *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

1.    Treating physician evidence

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole.  20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's

opinion is entitled to more weight than a consultative physician who only

examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).   A decision

denying benefits "must contain specific reasons for the weight given to the treating

source's medical opinion, supported by the evidence in the case record, and must

be sufficiently specific to make clear to any subsequent reviewers the weight the

adjudicator gave to the treating source's opinion and the reasons for that weight."

Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996).  The opinion of a treating

physician should be given controlling weight if it is "well-supported by medically

acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent

with the other substantial evidence in [the] case record."  Wilson, 378 F.3d at 544;

20 C.F.R. § 404.1527(d)(2).  "Although the ALJ is not bound by a treating

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).

The undersigned suggests that the ALJ properly gave less weight to Dr. Aboukasm's opinion given the inconsistencies in his reports, the lack of supportive testing results, and the normal neurological examination. (Tr. at 29). Moreover, Dr. Aboukasm's opinion regarding plaintiff's limitations is hardly definitive. On February 14, 2005, Dr. Aboukasm opined that plaintiff was unable to return to his prior work given his limitations, but noted plaintiff's willingness to "take a job which does not require significant involvement of crunching numbers or using his memory." (Tr. at 211). Nothing in Dr. Aboukasm's report suggests that plaintiff is unable to perform any type of work whatsoever. In his June 2, 2005 examination report, Dr. Aboukasm mentioned nothing about plaintiff ability or inability to work. (Tr. at 208-209). Finally, in June 2, 2005 letter (submitted at the hearing), Dr. Aboukasm again opined that plaintiff was unable to return to his prior work. (Tr. at 207). He further opined that the driving restriction associated with

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

uncontrollable seizures was a "major obstacle" for plaintiff's employment and any work would have to be done from home.  (Tr. at 207).[4]  Again, nothing in Dr. Aboukasm's letter suggests that plaintiff is completely precluded from performing any type of work.  The ALJ found the following with respect to plaintiff's residual functional capacity:

> that the claimant retains the residual functional capacity to perform work at any level of exertion as there is no objective evidence of a severe exertional impairment. However, the claimant must have seizure precautions, i.e., avoid working around hazards, dangerous moving machinery, and bodies of water.  Due to his moderate limitations in concentration, I find that he is also limited to simple repetitive tasks.

(Tr. at 30).  The undersigned suggests that the impairments and restrictions imposed by Dr. Aboukasm are not even inconsistent with the ALJ's RFC findings. The undersigned further suggests that the weight accorded Dr. Aboukasm's opinion was appropriate and based on the substantial evidence in the record.

---

[4]  According to 20 C.F.R. § 404.1566(a)(1), whether works exists in the "immediate area" in which a claimant lives is immaterial to the determination of whether work exists in significant numbers in the national or regional economy. Further, under 20 C.F.R. § 404.1566(c)(1)-(2), if a claimant is determined to be not disabled based on his residual functional capacity and vocational abilities, it is immaterial whether the claimant actually can get work or that there is a lack of work in the local area.  Thus, plaintiff's driving restrictions – whether interpreted as only being able to commute a short distance or not drive at all – appear to have no impact on the determination of disability.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

22

2.      Residual functional capacity and credibility

The undersigned suggests that the ALJ's decision to find plaintiff's claimed limitations to be only partially credible is supported by the substantial evidence in the record and properly incorporated into the RFC finding.  The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).  Significantly, a severe impairment does not equate to disability.  Rather, a "claimant's severe impairment may or may not affect his or her functional capacity to do work.  One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004).  "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e).  The ALJ's obligation to assess credibility extends to the claimant's subjective complaints such that the ALJ "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate."

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

*Jones*, 336 F.3d at 476.  When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses.  *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, 1999 WL 98645, *3 (6th Cir. 1999).  An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ reasonably concluded that plaintiff's claims were not entirely credible for several reasons.  First, the ALJ noted that plaintiff's driver licence remained effective and he would drive to go shopping, despite his doctor's advice to the contrary.  (Tr. at 116, 228).  Second, despite plaintiff's claims of severe pain and cognitive difficulties, including difficulty focusing and concentrating, he was able to write a financial textbook and a novel.  (Tr. at 29, 143).  Third, the ALJ also noted plaintiff continued to independently handle his finances and work on his house.  (Tr. at  29).  Fourth, the ALJ noted that plaintiff had not had any treatment for his pain complaints.  (Tr. at 29-30).  The undersigned also finds it significant that plaintiff reported to Dr. Aboukasm in February 2005 that he felt he could

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

work, just not at a job that required "crunching numbers" or "using his memory." Thus, according to the Commissioner, the ALJ's credibility findings were reasonable and based on the substantial evidence in the record.

Plaintiff's objection to the ALJ's findings regarding his exertional limitations are also unfounded.  Plaintiff argues that the ALJ's finding of "no exertional limitations," failed to take into account his headache complaints and other effects of his seizures.  (Tr. at 222-223).  This is inaccurate.  Plaintiff's symptoms, resulting from his seizure disorder and medication side effects, were taking into account in the ALJ's RFC findings given that the ALJ concluded that he "must have seizure precautions, i.e., avoid working around hazards, dangerous moving machinery, and bodies of water."  (Tr. at 30).  Additionally, the record is devoid of any exertional restrictions imposed by any treating physician.  *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

Moreover, the ALJ found plaintiff's self-reported limitations to be not entirely credible and inconsistent with the medical evidence in the record.  The ALJ  is only required to incorporate the limitations that he finds credible into a

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

hypothetical question.  *Casey*, 987 F.2d at 1235.  This obligation to assess

credibility extends to the claimant's subjective complaints such that the ALJ "can

present a hypothetical to the VE on the basis of his own assessment if he

reasonably deems the claimant's testimony to be inaccurate."  *Jones*, 336 F.3d at

476.  An ALJ's findings based on the credibility of an applicant are to be accorded

great weight and deference, particularly since the ALJ is charged with the duty of

observing a witness's demeanor and credibility.  *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 531 (6th Cir. 1997).  The undersigned finds no basis for disturbing

the ALJ's RFC finding.

       3.     Conclusion

     After review of the record, I conclude that the decision of the ALJ, which

ultimately became the final decision of the Commissioner, is within that "zone of

choice within which decisionmakers may go either way without interference from

the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial

evidence.

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

26

## IV.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response must not exceed 20 pages in length unless such page limit is extended by the Court.  The response must address

Report and Recommendation
Defendant's Motion for Summary Judgment
*Saad v. Comm'r*; No. 07-15506

specifically, and in the same order raised, each issue contained within the

objections by motion and order.  If the Court determines any objections are without

merit, it may rule without awaiting the response to the objections.

                                        s/Michael Hluchaniuk_____
Date: January 26, 2009                  Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

       I certify that on January 26, 2009, I electronically filed the foregoing paper
with the Clerk of the Court using the ECF system which will send electronic
notification to the following: William L. Woodard, and Commissioner of Social
Security, and I certify that I have mailed by United States Postal Service the paper
to the following non-ECF participants: Charles P. Saad, 20227 Milville Drive,
Lower Level, Macomb Township, MI 48044.

                                        s/Darlene Chubb_____
                                        Judicial Assistant

                                             Report and Recommendation
                                             Defendant's Motion for Summary Judgment
                                             *Saad v. Comm'r*; No. 07-15506